UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 01-3865-CIV-GOLD/SIMONTON

VICTOIRE ULTIMO,

    Plaintiff,

vs.

AUTONATION USA CORPORATION,
a Florida Corporation,

    Defendant.
_____/

**MOTION TO VOLUNTARILY DISMISS**
**COUNT I OF COMPLAINT WITHOUT PREJUDICE**

Plaintiff VICTOIRE ULTIMO, through undersigned counsel and Pursuant to Fed. R. Civ. P. 41 (a)(2), respectfully moves this Honorable Court to voluntarily dismiss his Count I of her complaint for civil rights violations without prejudice, and as and for grounds states as follows:

1. On August 20, 2001, Plaintiff filed an action seeking redress for certain civil rights violations by Defendant AUTO-NATION USA CORPORATION, a Florida corporation, pursuant to the Pregnancy Discrimination Act, 42 U.S.C. Section 2000 e (k) (hereinafter "PDA") and the Florida Civil Right Act, Section 760.01, et seq., Florida Statutes (hereinafter "FCRA") in the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Case No. 01-20518 CA 13.

2. On September 17, 2001, Defendant removed the action to this Court, Case No. 01-3865-CIV-GOLD/SIMONTON.

3. Defendant has not yet answered and/or otherwise responded to Plaintiff's complaint.

4. Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiff wishes to voluntarily dismiss Court I of her complaint (PDA) without prejudice and to pursue Count II of her complaint (FCRA) only. Plaintiff seeks dismissal of Count I of her complaint "without prejudice" as allowed by Fed. R. Civ. P. 41(a)(2) to avoid any future contention by Defendant that the voluntary dismissal of Count I constitutes <u>res judicata</u>, collateral estoppel and/or other issue preclusion with respect to Count II, which claim arises out of the same facts and alleges the same civil rights violation or the pending state claim.

5. Defendant will suffer no prejudice in this just-filed action if Count I of Plaintiff's complaint (PDA) is voluntarily dismissed without prejudice so that Plaintiff can pursue Count II (FCRA) against Defendant.

6. Simultaneous with the filing of this motion, Plaintiff has filed a motion seeking the remand of this action to state court.

**MEMORANDUM OF LAW**

Fed. R. Civ. P. 41(a)(2) allows for the voluntary dismissal of a claim by order of the court "upon such terms and conditions as the court deems proper."

"A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." San Marco v. City of St. Petersburg, 185 F.R.D. 679, 680 (M.D. Fla. 1999). In San Marco, the district court granted the plaintiff's motion to voluntarily dismiss his complaint without prejudice under Fed. R. Civ. P. 41(a)(2). The plaintiff had filed his federal action under the Age Discrimination in Employment Act (hereinafter "ADEA"). Thereafter, the defendant had moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted. While the defendant's motion to dismiss plaintiff's complaint was pending, the defendant also moved for summary judgment. Eight months after the plaintiff filed his federal action and while facing two potentially dispositive defense motions[1], the plaintiff filed a motion for voluntary dismissal of his complaint without prejudice under Fed. R. Civ. P. 41(a)(2). In his motion, the plaintiff alleged that he sought to

---

[1] Obviously, this case presents none of these extreme and/or questionable circumstances.

3

voluntarily dismiss his federal action under the ADEA so that he could pursue his also pending state court action under the FCRA.

In granting the plaintiff's motion, the San Marco court observed that "dismissal without prejudice has been allowed ... so that plaintiff might start anew in state court." *Id.* at 680 (*citing* Kovalic v. Dec International, Inc., 855 F. 2d 47 (11th Cir. 1988)). The court also noted that the purpose of Rule 41(a)(2) giving the district court discretion with regards to dismissal "is primarily to prevent voluntary dismissal which unfairly affects the other side, and to permit the imposition of curative conditions." *Id.* at 680. (*citing* Alamance Indus., Inc. v. Filene's, 291 F. 2d 142 (1961)).

The San Marco court acknowledged that costs had been incurred by both parties, but the that plaintiff's Rule 41(a)(2) motion "does in fact serve the interest of economies in the long run" because, although additional time would be necessary for the plaintiff's state court action under the FCRA, "the FCRA parallels the ADEA [as it also parallels the PDA]; therefore, the majority of time and effort spent on the federal case will be applicable, and extremely helpful, in the subsequent state action". *Id.* at 681.

In San Marco, the Court premised its grant of plaintiff's Rule 41(a)(2) motion on the condition that plaintiff "pay the

4

cost of removal" (inapplicable in this action) and that "any discovery material assembled may be used in subsequent litigation involving the parties." Id. at 681.

Here, however, the only costs that Defendant has incurred pertain to Defendant's removal of this action from state court, a decision that Defendant made entirely on its own.

Ultimately, as the U.S. Supreme Court has observed, a plaintiff is, necessarily, the "master of his complaint" and may choose either federal or state jurisdiction. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

Here, Plaintiff whose state jurisdiction and it was Defendant's action of removal that caused this lawsuit to be pending before this Court.

For the foregoing reasons, Plaintiff respectfully asks this Honorable Court to voluntarily dismiss Count I of her complaint (PDA) without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) so that she may pursue Count II of her complaint (FCRA) arising out of the same set of facts.

**WHEREFORE**, Plaintiff VICTOIRE ULTIMO respectfully prays that this Honorable Court will dismiss Count I of her complaint for civil rights violations brought pursuant to the PDA against Defendant AUTONATION USA CORPORATION, a Florida corporation,

5

without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) and that the Court let stand Count II of Plaintiff's complaint (FCRA) against Defendant.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was telecopied and mailed this 24th day of September, 2001 to: **Jon K. Stage, Esq., Akerman, Senterfitt & Eidson, P.A.**, Attorney for Defendant, Las Olas Centre II- Suite 1600, 350 East Las Olas Blvd., Fort Lauderdale, Florida 33301.

> MANZINI & ASSOCIATES, P.A.
> Attorneys for Plaintiff
> Alfred I. duPont Building
> 169 E. Flagler Street - #1500
> Miami, FL. 33131
> Telephone No: (305) 577-9903
> Fax No: (305) 577-6121
>
> By: _____
> NICOLAS A. MANZINI, ESQ.
> Fla. Bar No: 248827

#1440.01
Motion to Voluntarily Dismiss Count I
September 24, 2001